FILED
2014 Mar-04 AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(NORTHEASTERN DIVISION)

| | |
|---|---|
| NELSON JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., TRANS UNION, LLC ) | |
| EQUIFAX; EQUIFAX INFORMATION ) | |
| SERVICES, LLC; AND ) | JURY TRIAL DEMANDED |
| BANK OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, Nelson Jefferson, by and through his undersigned counsel, and for his complaint alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq*.

JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff Nelson Jefferson ("Plaintiff") is a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. §1681a(f).

6. Defendant TransUnion LLC is ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. §1681a(f).

7. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. §1681a(f).

8. Defendant Bank of America ("BOA") is a person who furnishes information to consumer reporting agencies under 15 U.S.C. §1681s-2.

## FACTUAL ALLEGATIONS

9. Experian prepared and issued credit reports concerning Plaintiff that included inaccurate information. Plaintiff notified Experian Texas that he disputed the accuracy of the information. Experian continued to report inaccurate information.

10. Trans Union prepared and issued credit reports concerning Plaintiff that included inaccurate information. Plaintiff notified Trans Union that he

disputed the accuracy of the information. Trans Union continued to report inaccurate information.

11. Equifax prepared and issued credit reports concerning Plaintiff that included inaccurate information. Plaintiff notified Equifax that he disputed the accuracy of the information. Equifax continued to report inaccurate information.

12. Plaintiff notified Experian, Equifax and Trans Union that their reporting of the BOA account was inaccurate. Equifax, Experian or Trans Union notified BOA of Plaintiff's dispute. BOA verified the account. Equifax, Experian and Trans Union notified Plaintiff that BOA verified the account.

FIRST CLAIM FOR RELIEF<br>(Experian)<br>(Negligent Noncompliance with FCRA)

13. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

14. Experian negligently failed to comply with the requirements of FCRA.

15. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's

normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

16. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
### (Experian)
### (Willful Noncompliance with FCRA)

17. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

18. Experian willfully failed to comply with the requirements of FCRA.

19. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

20. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF
### (Trans Union)
### (Negligent Noncompliance with FCRA)

21. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

22. Trans Union negligently failed to comply with the requirements of FCRA.

23. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

24. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## FOURTH CLAIM FOR RELIEF
### (Trans Union)
### (Willful Noncompliance with FCRA)

25. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

26. Trans Union willfully failed to comply with the requirements of FCRA.

27. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an

amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

28. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF
(Equifax)
(Negligent Noncompliance with FCRA)

29. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

30. Equifax negligently failed to comply with the requirements of FCRA.

31. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

32. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF
(Equifax)
(Willful Noncompliance with FCRA)

33. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

34. Equifax willfully failed to comply with the requirements of FCRA.

35. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

36. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## SEVENTH CLAIM FOR RELIEF
### (BOA)
### (Negligent Noncompliance with FCRA)

37. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

38. BOA negligently failed to comply with the requirements of FCRA.

39. As a result of BOA's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

40. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## EIGHTH SECOND CLAIM FOR RELIEF
## (BOA)
## (Willful Noncompliance with FCRA)

41. Plaintiff realleges and incorporates the above-numbered paragraphs as if fully stated herein.

42. BOA willfully failed to comply with the requirements of FCRA.

43. As a result of BOA's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

44. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

Prayer for relief:

WHEREFORE, plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Seventh Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Eighth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.

DATED this 3RD day of March 2014.

                        s/ Micah S. Adkins
                        Micah S. Adkins (ASB-8639-I48A)
                        BURKE HARVEY, LLC
                        2151 Highland Avenue, Suite 120
                        Birmingham, AL  35205
                        Telephone:  205.747.1907
                        Facsimile:   205.930-9054
                        Email:              madkins@burkeharvey.com